UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    LOURDES NIEVES,

                Plaintiff,

                -v.-

    CAROLYN W. COLVIN,
    Acting Commissioner, Social Security
    Administration

                Defendant.
------------------------------------------------------------X

REPORT AND RECOMMENDATION

13 Civ. 1439 (WHP) (GWG)

GABRIEL W. GORENSTEIN, United States Magistrate Judge:

       Plaintiff Lourdes Nieves filed administratively for Social Security benefits and her application was denied initially and following a hearing by an Administrative Law Judge. On March 4, 2013, Nieves filed the instant complaint seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). See Complaint, filed Mar. 4, 2013 (Docket # 1). After counsel filed a motion for judgment on the pleadings, the case was remanded by stipulation to the agency. See Stipulation and Order to Remand Pursuant to Sentence 4 of 42 U.S.C. § 405(g), dated Jan. 28, 2014 (Docket # 18).

       As a result of that remand, the Commissioner has directed that Nieves was to receive an ongoing award of $2010. See Notice of Award, dated Mar. 18, 2017 (attached as Ex. C to Declaration of Christopher James Bowes in Support of Plaintiff's Motion for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. § 406(b), dated Nov. 28, 2017 (Docket # 25) ("Bowes Decl.")). Nieves daughter, in her capacity as auxiliary beneficiary, was to receive an ongoing award of $1072. See Notice of Award, dated Apr. 29, 2017 (attached as Ex. D to Bowes Decl.). In addition, Nieves and her daughter were awarded past-due benefits of $167,512. Bowes Decl. ¶ 23. Nieves and her daughter have been paid $125,634. Id. ¶¶ 18-19. The remainder, $41,878 or 25% of the total award, was withheld as a potential attorney's fee. Id. ¶ 24. Counsel now seeks to obtain this amount, less $7200 awarded pursuant to his application under the Equal Access to Justice Act, pursuant to the contingent fee agreement counsel made with Nieves, which provides that Nieves's attorney will receive 25% of any fee award. See id. ¶¶ 20-21, 30; Retainer Agreement, dated Feb. 26, 2013 (attached as Ex. A to Bowes Decl.). Thus, Nieves's counsel seeks $34,678 as attorney's fees for work performed in the federal court proceedings. See Motion for Approval of Contingent Fee Agreement Under 42 U.S.C. § 406(b), filed Nov. 28, 2017 (Docket # 24) ("Approval Mot."), at 1-2; Bowes Decl. ¶ 30. Contemporaneous time records show that counsel spent 41.5 hours in the federal court proceeding. See Time Records, filed Nov. 28, 2017 (attached as Ex. B to Bowes Decl.).

       Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant . . .

who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." See 42 U.S.C. § 406(b)(1)(A). This Court set forth the law governing such fee applications in the case of Blizzard v. Astrue, 496 F. Supp. 2d 320 (S.D.N.Y. 2007). Familiarity with that case is assumed.

As explained in Blizzard, even when there is a contractual contingency fee arrangement, we consider the following factors in gauging the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

Here, the first two factors plainly weigh in favor of approving the fee request. Counsel wrote a detailed and extensive memorandum of law outlining cogent arguments for a remand. See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, filed Sept. 9, 2013 (Docket # 12). The briefing was effective in prompting the remand and achieved the greatest possible success for the claimant. Thus, the award is in line with the character and results of the representation. Counsel did not engage in any delay of the proceedings that might have artificially increased past due benefits and thus the potential attorney fee award.

With respect to the third factor — whether the award constitutes a "windfall[]" — Blizzard notes that courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

496 F. Supp. 2d at 323 (quoting Joslyn, 389 F. Supp. 2d at 456-57). Applying these factors here, they too weigh in favor of the fee request. Nieves's counsel was particularly successful in that he achieved an award of benefits. Counsel submitted a detailed, non-boilerplate brief in support of Nieves's case. The case was handled efficiently in that it was handled by a single experienced attorney and the number of hours spent was entirely appropriate to the nature of the case.

Under Gisbrecht, a court must consider whether the claimant's past due benefits are

2

"large in comparison to the amount of time counsel spent on the case." 535 U.S. at 808. Here, counsel's request would result in compensation at an hourly rate of $1009.11. While such a rate could not be justified as part of a traditional "lodestar" analysis, a "lodestar" analysis does not apply. See Gisbrecht, 535 U.S. at 799-808. A heavy factor underlying our consideration of the fee sought by counsel here is the Court's belief that "[d]eference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" Joslyn, 389 F. Supp. 2d at 456 (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). Inasmuch as statutory fee awards are available only for successful litigants, a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners. As was stated by the Second Circuit, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371; accord Joslyn, 389 F. Supp. 2d at 456 ("When assessing the reasonableness of [a contingency fee payment], a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.") (citing Gisbrecht, 535 U.S. at 805). Thus, a reduction in the agreed-upon contingency amount should not be made lightly.

Here, we see no reason to reduce the amount provided in the contingent fee arrangement given counsel's skill, competence, and efficiency. In light of the fact that, as already discussed, the many factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Nieves's case was not a sure winner, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it requires reduction. See generally Schiebel v. Colvin, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (citing cases where hourly rates in the range of $1324.52 to $2100 were found not unreasonable); Kazanjian v. Astrue, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding what amounted to a $2100 hourly rate); Dominguez v. Colvin, 2016 U.S. Dist. LEXIS 137164, at *4-5 (C.D. Cal. Sept. 29, 2016) (effective hourly rate of $1072.17 reasonable).

Conclusion

Accordingly, counsel's request for an award of $34,678 should be granted.

## **PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, III, at 500 Pearl Street, New York, New York 10007. Any request for an extension of

3

time to file objections or responses must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 26, 2017
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　GABRIEL W. GORENSTEIN
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge